JOSIAH TICE, PLAINTIFF IN ERROR v. CHARLES T.
COWENHOVEN, DEFENDANT IN ERROR.

Argued November 9, 1898—Decided February 27, 1899.

If a lease be made to several persons for a definite period, and one of them,
acting for himself only, remains in possession of the demised premises
after the end of the term, he alone becomes the tenant holding over,
and a notice to quit addressed to him alone will be sufficient to termi-
nate the tenancy resulting from his continuance in possession.

On error to the Middlesex Circuit.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON
and DIXON.

For the plaintiff in error, *Freeman Woodbridge.*

For the defendant in error, *George Berdine.*

The opinion of the court was delivered by

DIXON, J.   By lease dated May 23d, 1892, Charles T.
Cowenhoven demised a lot of land in New Brunswick to
Josiah Tice and George Berdine for a term beginning May
1st, 1892, and ending May 1st, 1893.   On February 1st,
1897, Cowenhoven addressed to Tice and served on him a
notice to quit the premises on May 1st, 1897, and Tice not
having done so, Cowenhoven brought this action of ejectment
against him.   At the trial it appeared, without contradiction,
that Berdine had never been in possession of the premises,
and that the only semblance of any relation between him and
Tice had been a claim by Berdine to an interest in a building
erected by Tice on the leased ground, which claim Tice had
always denied.   Under these circumstances Tice insisted that
the notice to quit should have been addressed to both him
and Berdine, and, being addressed to him alone, was insuffi-
cient.

We see no reasonable ground for this contention. According to the evidence, when Tice held over after May 1st, 1893, he held over for himself alone and became the sole tenant. The lease gave him no authority to hold over for Berdine, nor was there shown any other relationship between them out of which such authority would arise. Indeed Tice did not claim that he held over for Berdine.

We think it clear that the notice was sufficient, and the judgment should be affirmed.